SUMMONS ISSUED

F ED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 2 1 2011 ★

BROOKLYN OFFICE

CV 11 - 0908

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL SOARIES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MULLOOLY, JEFFREY, ROONEY & | ) |
| FLYNN; GOTHAM PROCESS INC., and | ) |
| CHRISTOPHER DANIELS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

Jury Trial Demanded

MATSUMOTO, J.

BLOOM, M.J.

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, Michael Soaries ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Kings, and City of Brooklyn.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Mullooly, Jeffrey, Rooney & Flynn ("MJRF") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of

attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      At all relevant times, MJRF acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8.      Defendant, Gotham Process Inc., ("Gotham") is a civil process server, and an entity who at all relevant times was engaged in the business of attempting to serve Plaintiff with process, under the direction of MJRF, and in connection with MJRF's attempts to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9.      Defendant, Christopher Daniels ("Daniels"), is a civil process server who, at all relevant times, was employed by Gotham in the business of attempting to serve Plaintiff with process, under the direction of MJRF, and in connection with MJRF's attempts to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10.     While the FDCPA carves out a general exception for process servers, see 15 U.S.C. § 1692a(6)(D) (providing that the term "debt collector" does not include "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt"), courts have held that the exemption does not apply where process servers have engaged in coercive, abusive, or harassing activities. *See Spiegel v. Judicial Attorney Services, Inc.,* 2011 WL 382809 (N.D. Ill. 2011) (process servers' FDCPA exemption to does not apply if the servers' actions would take them beyond their role as mere process servers). In such instances, as one court has explained, the process server "steps beyond the bounds of the official duties inherent in serving process and takes on a secondary role of debt collector as defined within the statute." *Flamm v. Sarner & Associates, P.C., No. 02-4302,* 2002 WL 31618443, at *5 (E.D.Pa. 2002); *see also Andrews v. South Coast Legal Services, Inc.,*

582 F.Supp.2d 82, 88-89 (D.Mass.2008) (plaintiff's allegations that "defendants prepared false and misleading documents, made demands for costs and fees to which they were not entitled, and engaged in other conduct that smack[ed] of ... a harassing and coercive kind of debt collecting ... [were] sufficient to take the defendants out of the process server exemption and to withstand the motion to dismiss") (quotation marks and brackets omitted).

11.    Furthermore, "[e]mployees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.,* 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); *see Schwarm v. Craighead,* 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

12.    Furthermore, the exemptions, provided in the FDCPA for process servers "do not exclude the actions of third persons . . . who utilize these exempt individuals to violate the act." *Alger v. Ganick, O'Brien & Sarin,* 35 F.Supp.2d 148, 153 (D.Mass.1999).   Under general rules of agency, one who contracts to act on behalf of another and is subject to the other's control, may be both an agent and an independent contractor. *Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354 (E.D.Cal.1995) (citing Restatement of Agency Second §§ 2, 14N, and holding debt collector vicariously liable for the actions of its law firm that violated the FDCPA). Accordingly, employers may be liable for the acts of independent contractors when an agency relationship is demonstrated. *See Sugimoto v. Exportadora De Sal. S.A. De C.V.,* 19 F.3d 1309, 1311-12 (9th Cir.1994), cert. denied, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994).

13.    The Seventh Circuit has suggested that general agency principles apply to suits under the FDCPA. *See Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir.1997) ("If Heibl

were being sued for conduct within the scope of his agency or employment as a partner ... of a law firm, the firm could be named along with him as a defendant, because it would be liable jointly with him for that conduct."). Other courts have applied such general principles to hold employers vicariously liable for the acts of their employees in cases arising under the FDCPA. See, e.g., *Newman*, 912 F.Supp. at 1370 ("The FDCPA is silent on the issue of vicarious liability. In [the 9th Circuit], however, it is established that, under the FDCPA, a debt collector may be found vicariously liable for the conduct of its attorney [under principles of agency]."); *United States v. ACB Sales & Service, Inc.*, 590 F.Supp. 561, 575 (D.Ariz.1984) ("The FDCPA is enforced as a FTC rule under section 5(m)(1)(A) of the Federal Trade Commission Act. 15 U.S.C. § 16921. I find no distinction between enforcement of orders under section 5(1) and enforcement of the FDCPA under section 5(m)(1)(A) that would limit the application of the doctrine of respondeat superior.").

14.     The Ninth Circuit has held that "general principles of agency ... form the basis of vicarious liability under the FDCPA." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir.2006) (citing *Newman*, 912 F.Supp. at 1370). To ascertain "general principles of agency," courts consult the Restatement (Second) of Agency. *See id.* (applying § 1 of the Restatement to determine whether an attorney could be held vicariously liable for the acts of a debt collector under the FDCPA and concluding that he could not because he did not exercise adequate control over the debt collector's conduct); *Newman*, 912 F.Supp. at 1370 n. 19 (noting that federal courts rely on the Restatement to ascertain common-law principles of agency). Under the Restatement, independent contractors can and often are also considered agents:

> '[I]ndependent contractor' is a term which is antithetical to the word 'servant,' although not to the word 'agent.' In fact, most of the persons known as agents . . . are independent contractors as the term is used in [this] Restatement ..., since they are contractors but, although employed to perform services, are not subject to the control or right to control of the principal with respect to their physical conduct in the performance of the services. However, they fall within the category of agents. They are fiduciaries; they owe to the principal the basic obligations of agency: loyalty and obedience."

Restatement (Second) of Agency § 14N cmt. a (emphasis added); *see Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089 (C.D.Cal. 2006) (holding that a debt collector principle can be held liable for the actions of its attorney agent).

15.    Both Gotham and Daniels are agents of MJRF, as they have been employed by MJRF and given authority to serve Plaintiff with process in MJRF's name and on its behalf.

## BACKGROUND

16.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

17.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

18.     The FDCPA at section 1692f provides in part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The FDCPA defines neither the term "unconscionable," nor "unfair." The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose – forbidding such action both generally and in a specific list of disapproved practices. In particular, the FDCPA lists eight specific violations "without limiting the general application" of the statute. 15. U.S.C. § 1692f. The listing of the specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *See McMillan v. Collection Professionals Inc.,* 455 F. 3d 754 (7th Cir. 2006).

19.     Section 1692f "serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick,* 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001). 15 U.S.C. §1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 528 (E.D. Pa.1996) (citing *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal.1991)); see also S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698 (the FDCPA "prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.").

## FACTUAL ALLEGATIONS

20.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

21.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MJRF, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

22.    MJRF uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23.    On or about October 13, 2010 MJRF issued a summons in connection with a lawsuit initiated, on behalf of its client Equable Ascent Financial, LLC, in order to collect an alleged debt owed by Plaintiff.

24.    In or about November, 2010 MJRF employed Gotham to personally serve Plaintiff the summons cited above.

25.    In or about November, 2010 Gotham employee Daniels attempted to serve Plaintiff by attaching the summons with adhesive tape to the outermost door of Plaintiff's apartment building, with the summons facing the street in full view of all persons entering the apartment building, and any person passing by.

26.    The face of the summons clearly stated Plaintiff's identity and that he was being sued for a debt he allegedly owed based on a consumer credit transaction, and that failure to respond or appear would result in a default judgment being entered against him in the sum of $2,440.97 plus interest, attorneys' fees, and court costs.  The summons

further stated, on its face, that Plaintiff may be garnished or have his property taken should he not respond to the summons.

27.    This summons was left, publicly posted in the manner noted above, until Plaintiff arrived home.

28.    By so posting the summons, Defendants disclosed to third parties the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)).

29.    By so posting the summons, in connection with this attempt to collect the alleged debt from Plaintiff, Defendants provided MJRF's identity to third parties without such information being expressly requested (§ 1692b(1) & § 1692c(b)).

30.    By so posting the summons, including the existence and amount of the alleged debt, and threats of garnishment, Defendants used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f).

31.    Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I – VIOLATION OF 15 U.S.C. 1692b(2)
### DEFENDANT DANIELS

32.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

33.    Daniels violated 15 U.S.C. § 1692b(2) by so posting the summons, thereby disclosing to third parties the existence of a debt owed or allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Daniels violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II – VIOLATION OF 15 U.S.C. 1692c(b)
### DEFENDANT DANIELS

34.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 33.

35.    Daniels violated 15 U.S.C. § 1692c(b) by so posting the summons, thereby communicating with third parties without the express consent of Plaintiff or the express permission of a court of competent jurisdiction.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Daniels violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT III – VIOLATION OF 15 U.S.C. 1692b(1)**
**DEFENDANT DANIELS**

36.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35.

37.    Daniels violated 15 U.S.C. § 1692b(1) by so posting the summons, thereby identifying to third parties the identity of his employer without such identification being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Daniels violated 15 U.S.C. § 1692b(1);

    b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV – VIOLATION OF 15 U.S.C. 1692f
### DEFENDANT DANIELS

38.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

39.    Daniels violated 15 U.S.C. § 1692f by so posting the summons, thereby using unfair and unconscionable means against Plaintiff in an attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Daniels violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V – VIOLATION OF 15 U.S.C. 1692b(2)
### DEFENDANT GOTHAM

40.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39.

41.    Gotham, as Daniels' employer, is vicariously liable for Daniels' violation of 15 U.S.C. 1692b(2) as detailed above, which violation was committed by Daniels while acting within the scope of his employment with Gotham.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

    a) Adjudging that Gotham, as Daniels' employer, is vicariously liable for Daniels' violations of 15 U.S.C. 1692b(2), committed while Daniels was acting within the scope of his employment;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI – VIOLATION OF 15 U.S.C. 1692c(b)
### DEFENDANT GOTHAM

42.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41.

43.    Gotham, as Daniels' employer, is vicariously liable for Daniels' violation of 15 U.S.C. 1692c(b) as detailed above, which violation was committed by Daniels while acting within the scope of his employment with Gotham.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

    a) Adjudging that Gotham, as Daniels' employer, is vicariously liable for

Daniels' violations of 15 U.S.C. 1692c(b), committed while Daniels was acting within the scope of his employment;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII – VIOLATION OF 15 U.S.C. 1692b(1)
## DEFENDANT GOTHAM

44.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43.

45.    Gotham, as Daniels' employer, is vicariously liable for Daniels' violation of 15 U.S.C. 1692b(1) as detailed above, which violation was committed by Daniels while acting within the scope of his employment with Gotham.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

a) Adjudging that Gotham, as Daniels' employer, is vicariously liable for Daniels' violations of 15 U.S.C. 1692b(1), committed while Daniels was acting within the scope of his employment;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in

*Complaint*
*Page 13 of 20*

the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII – VIOLATION OF 15 U.S.C. 1692f
### DEFENDANT GOTHAM

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45.

47.    Gotham, as Daniels' employer, is vicariously liable for Daniels' violation of 15 U.S.C. 1692f as detailed above, which violation was committed by Daniels while acting within the scope of his employment with Gotham.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

a) Adjudging that Gotham, as Daniels' employer, is vicariously liable for Daniels' violations of 15 U.S.C. 1692f, committed while Daniels was acting within the scope of his employment;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this

action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IX – VIOLATION OF 15 U.S.C. 1692b(2) DEFENDANT MJRF

48.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 47.

49.    MJRF, as principal, authorized Gotham and Daniels to serve the summons at issue, and is vicariously liable for Daniels' violation of 15 U.S.C. 1692b(2) as detailed above, which violation was committed by Daniels while acting as an authorized agent of MJRF.

WHEREFORE, Plaintiff prays for relief and judgment against MJRF, as follows:

a) Adjudging that MJRF is vicariously liable for Daniels' violation of 15 U.S.C. 1692b(2) committed while acting under the direction and authority of MJRF and within the scope of his agency;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT X – VIOLATION OF 15 U.S.C. 1692c(b)
### DEFENDANT MJRF

50.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 49.

51.    MJRF, as principal, authorized Gotham and Daniels to serve the summons at issue, and is vicariously liable for Daniels' violation of 15 U.S.C. 1692c(b) as detailed above, which violation was committed by Daniels while acting as an authorized agent of MJRF.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

a)  Adjudging that MJRF is vicariously liable for Daniels' violation of 15 U.S.C. 1692c(b) committed while acting under the direction and authority of MJRF and within the scope of his agency;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI – VIOLATION OF 15 U.S.C. 1692b(1)
## DEFENDANT MJRF

52.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 51.

53.    MJRF, as principal, authorized Gotham and Daniels to serve the summons at issue, and is vicariously liable for Daniels' violation of 15 U.S.C. 1692b(1) as detailed above, which violation was committed by Daniels while acting as an authorized agent of MJRF.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

a) Adjudging that MJRF is vicariously liable for Daniels' violation of 15 U.S.C. 1692b(1) committed while acting under the direction and authority of MJRF and within the scope of his agency;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII – VIOLATION OF 15 U.S.C. 1692f
## DEFENDANT MJRF

54.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53.

55.     MJRF, as principal, authorized Gotham and Daniels to serve the summons at issue, and is vicariously liable for Daniels' violation of 15 U.S.C. 1692f as detailed above, which violation was committed by Daniels while acting as an authorized agent of MJRF.

WHEREFORE, Plaintiff prays for relief and judgment against Gotham, as follows:

a)   Adjudging that MJRF is vicariously liable for Daniels' violation of 15 U.S.C. 1692f committed while acting under the direction and authority of MJRF and within the scope of his agency;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII – VIOLATION OF 15 U.S.C. 1692f
## DEFENDANT MJRF

56.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52.

57.     MJRF directly violated 15 U.S.C. 1692f by using unfair and unconscionable means to collect a debt by allowing its process server to post its summons, as detailed above, and by unfairly and unconsciounably relying on such service, despite the service violating various sections of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment against MJRF, as follows:

   a) Adjudging that MJRF violated 15 U.S.C. 1692f;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

58.     Plaintiff is entitled to and hereby demands a trial by jury.

This _17_ day of _February_ 2011.

*Complaint*
*Page 19 of 20*

ATTORNEYS FOR PLAINTIFF
*Michael Soaries*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com


*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012